THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT TYLER CAMERON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:14-cr-00497-DN<br><br>District Judge David Nuffer |

Defendant seeks a reduction of his sentence or compassionate release based on Congress's elimination of sentence "stacking" for successive convictions under 18 U.S.C. § 924(c) and his good behavior while incarcerated ("Motion").[1] The government[2] and the United States Probation Office[3] oppose Defendant's Motion.

Because Defendant failed to exhaust his administrative remedies before filing his Motion, and because Defendant fails to demonstrate extraordinary and compelling reasons to warrant a reduced sentence or compassionate release, his Motion[4] is DENIED.

## DISCUSSION

### Defendant failed to exhaust his administrative remedies

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court

---

[1] Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion"), docket no. 29, filed Oct. 13, 2021.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 37, filed under seal Nov. 23, 2021.

[3] First Step Act Relief Recommendation ("Recommendation"), docket no. 36-4, filed under seal Nov. 23, 2021.

[4] Docket no. 29, filed Oct. 13, 2021.

him or herself."[5] However, before filing such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6]

Defendant asserts that he submitted a request for relief under the First Step Act to the warden at Herlong Federal Correctional Facility (where Defendant is incarcerated) on July 9, 2021.[7] But Defendant provided no evidence to support this assertion. And the government's search of the BOP's records revealed that Defendant did not submit a request to the warden prior to filing his Motion.[8] Therefore, Defendant fails to establish that he exhausted his administrative remedies prior to filing his Motion.

Because Defendant failed to exhaust his administrative remedies prior to filing his Motion, the Motion is DENIED. Nevertheless, the requirement to exhaust administrative remedies is "a claim processing rule," not jurisdictional.[9] Therefore, the merits of Defendant's Motion may also be addressed.

## Defendant is not entitled to compassionate release

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the

---

[5] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

[6] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[7] Motion at 3.

[8] Response at 2, Ex. B.

[9] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-1031 (10th Cir. 2021).

United States Sentencing Commission ("USSC"); and (3) the district court considers the factors

set for in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[10]

**Defendant fails to demonstrate extraordinary and compelling reasons to warrant compassionate release**

District courts "possess the authority to determine for themselves what constitutes

'extraordinary and compelling reasons,'" to warrant compassionate release.[11] However, this

discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with

applicable policy statements issued by the [USSC]."[12]

Defendant asserts that he pleaded guilty and agreed to a 20-year prison sentence, in part,

because he faced the possibility of receiving a 135-year prison sentence based on the practice of

sentence "stacking" for successive convictions under 18 U.S.C. § 924(c).[13] Defendant argues that

Congress's elimination of sentence "stacking" for successive convictions under 18 U.S.C.

§ 924(c) and his good behavior while incarcerated constitute extraordinary and compelling

reasons to warrant a reduced sentence and compassionate release.[14] His argument lacks merit.

In *United States v. McGee*, the Tenth Circuit Court of Appeals stated that "the fact a

defendant is serving a pre-First Step Act [sentence] cannot, standing alone, serve as the basis for

a sentence reduction [or compassionate release.]"[15] The Tenth Circuit also recognized that

"'[r]ehabilitation of the defendant alone,' Congress has states, 'shall not be considered an

---

[10] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[11] *Id*. at 832.

[12] *Id*. The USSC has defined "extraordinary and compelling reasons" to include serious medical conditions, the defendant's age, and certain family circumstances. U.S.S.G. 1B1.13. However, this policy statement is not applicable to Defendant's Motion. *Maumau*, 993 F.3d at 837.

[13] Motion at 2, 10.

[14] *Id*. at 10.

[15] 992 F.3d 1035, 1048 (10th Cir. 2021).

extraordinary and compelling reason'" for purposes of a reduced sentence or compassionate release.[16] However, the Tenth Circuit held that "the combination of [a pre-First Step Act sentence] and a defendant's unique circumstances" could constitute "extraordinary and compelling reasons" for granting a reduced sentence or compassionate release.[17] But the Tenth Circuit did not "attempt . . . to catalog what those unique circumstances might be."[18]

The combination of Defendant's pre-First Step Act sentence and his unique circumstances do not constitute extraordinary and compelling reasons for granting a reduced sentence or compassionate release. On October 14, 2014, Defendant pleaded guilty to four counts of Hobbs Act Robbery under 18 U.S.C. § 1951(a), and one court of Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c).[19] In his own description of the offense conduct, Defendant was engaged in several robberies around Salt Lake and Davis counties involving various small businesses.[20] He was suspected and charged in ten different robberies and in six of which, he was alleged to have carried a gun.[21] In the four robberies to which Defendant pleaded guilty, he carried a knife in one and carried a gun in three.[22] And the gun discharged when Defendant dropped it during one of the robberies.[23]

---

[16] *Id*. at 1043 (quoting 28 U.S.C. § 994(t)).

[17] *Id*. at 1048.

[18] *Id*.

[19] Minute Entry for Proceedings Held Before District Judge David Nuffer, docket no. 21, filed Oct. 14, 2014.

[20] Motion at 2.

[21] *Id*.

[22] *Id*.

[23] Supplemental Report for the Bureau of Prisons ("Supplemental Report") ¶¶ 5-11 at 4-5, docket no. 36-1, filed under seal Nov. 23, 2021.

Defendant's total offense level was 26 and he had a criminal history category of III.[24] He had prior convictions for attempted receipt or transfer of a stolen vehicle; theft and possession or purchase of a dangerous weapon; possession of a controlled substance; possession of alcohol by a minor; and intoxication.[25] Defendant's guideline range of imprisonment was 78 to 97 months for the Hobbs Act Robbery convictions, and a consecutive 10-year minimum mandatory sentence for the § 924(c) conviction.[26] Defendant agreed to and received a 240-month prison sentence pursuant to a FED. R. CRIM. P. 11(c)(1)(C) plea agreement.[27] He was also sentenced to a 60-month term of supervised release.[28]

The possibility of sentence "stacking" likely played a role in the parties' plea negotiations and Defendant's willingness to agree to a 240-month prison sentence. But the sentence Defendant received was not a product of sentence "stacking." It was the product of the parties' plea agreement.[29] The agreed upon 240-month term of imprisonment is 23 months greater than the high-end of Defendant's guideline range of imprisonment.[30] But based on the circumstances and nature of Defendant's multiple charged and uncharged robberies involving a gun (which was loaded and discharged during one of the robberies) and Defendant's criminal history, the sentence was appropriate. Defendant's sentence reflects a fair and reasonable compromise by the parties even in the absence of the potential for sentence "stacking."

---

[24] *Id*. ¶ 49 at 8, ¶ 59 at 12, docket no. 36-1, filed under seal Nov. 23, 2021.

[25] *Id*. ¶¶ 53-57 at 9-12.

[26] *Id*. ¶ 78 at 15.

[27] Judgment in a Criminal Case ("Judgment") at 2, docket no. 25, filed Oct. 27, 2014; Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to FED. R. CRIM. P. 11(c)(1)(C) ("Plea Agreement") ¶ 12.b. at 4, docket no. 23, filed Oct. 14, 2014.

[28] Judgment at 3.

[29] Plea Agreement ¶ 12.b. at 4.

[30] Supplemental Report ¶ 78 at 15.

Additionally, Defendant asserts that while serving his prison sentence, he has had "stellar behavior."[31] At the time of his Motion's filing, Defendant had served approximately 41.8% of his 240-month term of imprisonment.[32] His projected release date is August 14, 2030.[33] He has completed the drug education course and educational courses in job interviewing; nutrition and meals; electric maintenance; electronics tester; and quality control.[34] And he has been employed while in custody at laundry; industries quality assurance; CMS Office; and work detail.[35] However, Defendant has had disciplinary infractions for phone abuse-disrupt monitoring on June 10, 2020, and disruptive conduct on August 4, 2020.[36] These disciplinary actions are classified by the BOP among the more severe types of disciplinary infractions, and resulted in the loss of credit for good conduct time; disciplinary segregation; and loss of commissary and other privileges.[37]

On this record, the combination of Defendant's pre-First Step Act sentence and his unique circumstances do not constitute extraordinary and compelling reasons to warrant a reduced sentence or compassionate release.

**The relevant factor of 18 U.S.C. § 3553(a) do not support granting compassionate release**

Even if Defendant had demonstrated extraordinary and compelling reasons to warrant a reduced sentence or compassionate release, the relevant factors of 18 U.S.C. § 3553(a) do not support granting him relief.

---

[31] Motion at 2.

[32] First Step Act Relief Eligibility Report ("Report") ¶ 2 at 3, docket no. 36, filed under seal Nov. 23, 2021.

[33] *Id*. at 3.

[34] *Id*. ¶ 16 at 5.

[35] *Id*. ¶ 17 at 5.

[36] *Id*. ¶ 15 at 5.

[37] *Id*.

Considering and balancing the relevant factors of 18 U.S.C. § 3553(a), the serious nature and circumstances of Defendant's offenses,[38] the appropriateness of the original 240-month sentence,[39] and the need to protect the public from further crimes (particularly given Defendant's offense conduct and criminal history) weigh heavily against granting a reduced sentence or compassionate release. Therefore, the relevant factors of 18 U.S.C. § 3553(a) do not support granting Defendant relief.

**ORDER**

IT IS HEREBY ORDERED that Defendant's Motion[40] is DENIED.

Signed January 13, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[38] *Supra* Discussion at 4-5.

[39] *Id*. at 5.

[40] Docket no. 29, filed Oct. 13, 2021.